May it please the court, counsel, I'm Dan Johnson, lawyer Some more distinguished lawyers from eastern Washington Correct, I did come over on Saturday though, so I actually watched the Seahawks win yesterday, so that was a good day I think the facts in this case are pretty well laid out and I don't want to belabor the bats and steps, 1, 2, and 3 I think we issue here is, did the judge properly handle the step 3 of the bats and analysis? No, you're going to have to start, I can't get to step 1 on this record Mr. Johnson So could you address my concern here? As I understand, as I read the record, the judge and the prosecutor didn't recognize the prospective juror as a minority That's how I'm reading the transcript And for that reason, it was only after, I guess it was Judge Nielsen took a lunch recess and looked at the juror questionnaire and saw that she was Pacific Islander, that he came back out and we had the hearing at which he asked the prosecutor to explain why he struck the juror Could you address my concern that if you can't tell that the person is a minority how can you even get to step 1 of the bats and challenge? How do we know that the prosecutor couldn't tell? Because the prosecutor said he didn't He said that, but the judge never went to the third step to decide the credibility of that explanation The third step of the first step? No, the judge clearly, in my view, recognized that the bats and challenge was appropriate because he then asked the prosecutor to go to step 2 and provide his explanation The mere fact that he asked the prosecutor why he struck the juror does not, to this judge, indicate that he's engaged in the bats and analysis He's simply asking the prosecutor, why did you strike her? But it seems to me under the law, all of the bats and cases that I've looked at there's no question that the prospective juror is a minority You can apparently tell by looking at them This is an unusual case It's unusual, as I read the record, in that neither the judge nor the prosecutor said that they recognized the prospective juror as a minority So if you can't establish a prima facie case that this juror is a member of a cognizable minority group then you never get to step 1 And the judge denied the bats and challenge essentially, as I read the record on the ground, that bats and doesn't apply to this juror But then the judge recognized his error, corrected it, provided the prosecutor the opportunity to give his reasons, and then told the prosecutor I'll give you more time to come up with more reasons And then no ruling was ever made The judge never did the step 3 analysis, either on the record It looks like no analysis was ever done If I read the record correctly, the judge doesn't need to do a bats analysis because you have the initial burden, it's a pretty low one to establish an arguable basis that a juror was stricken because of her racial status And here, the judge and the prosecutor are saying We don't recognize this person as a member of a cognizable minority group And the judge says bats and doesn't apply to this juror Well, I think the judge may have initially thought that but then changed his mind and said this juror is a minority member The prosecutor struck 2 out of 3 of the minority members I have some questions, too  No, I'm done Just as one judge on the panel I don't see how we could have a rule that says you never make out a prima facie case unless somebody looks like a minority Because looking out at the group here this morning I don't know that I could say whether there are or are not cognizable minorities in the courtroom But the defense lawyer Was that you? Were you the trial lawyer? I was not, Your Honor The trial lawyer for the defense made a suggestion that one of the jurors that this juror stricken was a Pacific Islander or Hawaiian I agree with you Or was a person of color So if the defense lawyer says it's a person of color and the judge checks his notes and sees that it was like a person who's in a protected status I don't really have a problem with why the judge shouldn't go forward My question is should the judge make explicit findings at Step 1 that there's a prima facie case at Step 2 that he wants the government to express their reasons for their challenge and at Step 3 that the judge makes a finding there was or was not discrimination I think if the judge is handling the matter and wants a clear record the answer is yes My argument to you is the judge by asking the prosecutor to offer the explanation giving him an opportunity to provide further information which never came and then never made a ruling on the record I understand what you're saying My position is he by based on the judge's actions he made a finding that there was enough here to proceed to Step 2 because he asked the prosecutor the Step 2 provide the information to me Why would he do that if he hadn't already determined Step 1 was met? You could view it that when he proceeds to ask the Step 2 questions that he's implicitly made the Step 1 prima facie case decision or else why else would he do it? It still would be a better procedure if he said it explicitly, right? It would be a better procedure if he explicitly said Step 1 and then Step 2 and Mr. Prosecutor, are you done? Mr. Defense lawyer, do you have anything else? Okay, I'm going to move to Step 3 Once he goes to Step 2, don't we have authority in the circuit that says that once a judge goes to Step 2 that then they're required to do the Step 3 determination? That's true, it's the Green v. Lamarck case and the Alanis case, I think that case is pretty much right on point which says that the judge must proceed to Step 3 It's not incumbent on the defense counsel to push that the judge go to Step 3 and the failure of the judge to do that is, in my view, violates the rules violates Batson and Alanis and the Green v. Lamarck case law structural error One could say, a prosecutor might say, well we can send this back to the judge Problem is, in the meantime, the juror questionnaires were destroyed I had petitioned to add the juror questionnaires in early June of this year The judge granted that but redacted all the information and apparently between that time and when the prosecutor went to look in July they had destroyed all the questionnaires So there's no evidence there that you could do a comparative analysis now or a judge on a remand to look at that record Could the judge have an evidentiary? What I was wondering is, could we remand for an evidentiary hearing by asking the court to hold such procedures as the court thinks are appropriate and then make findings? But I think under the case law and the issue of what do you look at for the comparative analysis that evidence is gone Well, the prosecutor and the defense lawyer didn't have all of the juror questionnaires They didn't have the portions that disclosed ethnicity? No, but in any event, we don't have it now either and the judge won't on a remand But if they didn't have it at trial, I think where Judge Gould was going was if we did a comparative analysis, it would be the trial judge who would do the comparative analysis looking at how the prosecutor treated other members of the denier And I agree with you there Can't we do that from the record of the... I would say no, in the first instance, I don't think the judge did the analysis in any event because he went right from telling the prosecutor I'll give you a chance to come back later, bring in the jury There's no evidence in this record the judge fulfilled his obligations under step three Let's assume for a minute that the judge had reached a firm conclusion that there wasn't discrimination He didn't say that, but let's say he had Could he now not make findings if he just engaged in oversight? He forgot to say something on the record I don't believe he ever even reached step three I think we'd be remanding it with an incomplete record firm to do that function now because a lot of the evidence has been destroyed So then the logical conclusion to your argument is that if we grant you the relief that you are asking for the defendant cannot be retried No, the defendant can be retried You're just saying he has to get a retrial, we can't remand Do you think that it's not practical to remand for an evidentiary hearing? I don't think it is because of the destruction of the juror questionnaires We just have to send it back for a new trial Send it back for a new trial that doesn't violate Batson and with my client's equal protection rights not violated The question is not what does the form show, it's what did the district court know, isn't it? And we don't know what the judge knew because there's no record of it Apparently he didn't come out and say I understand that we have a minority here But he goes forward with the trial after lunch He takes it up again, but he never makes a statement one way or the other He doesn't, so I would suggest to you he hasn't fulfilled the function that the case law says he must And that's the awayness case You have me persuaded on that, that he didn't handle it right But I'm still not seeing why we couldn't remand it to him for an evidentiary hearing Maybe with instructions that if he can't reconstruct his thinking You're not going to reconstruct with the jurors, not before the court, I hope you catch him Counsel, I'm hung up on ER 41 lines 1 through 6 The court says when the challenge is first made I didn't observe anything unusual of her And I don't think she's the type of person that would be subject to a Batson challenge And then Mr. Anderson replies I don't know how this particular one Ms. DT juror number 12 applies as far as a Batson challenge And then the court says I deny the Batson challenge Why can't I read that and conclude from Let me finish my question Why can't I read what the court said and conclude at that point That you didn't get to step one and therefore Batson doesn't apply Because the judge then determined that the person was a minority member Reopen the issue, ask the prosecutor to provide his explanations So at that point I believe step two has been reached And then the judge failed to follow through on step three Let me ask you another question because at least you have me persuaded that That we couldn't say the judge made a decision step one Wasn't satisfied, not on this record But do we know from the record that the jury questionnaires are destroyed And that there can't be an evidence hearing There's a declaration in its docket number 497 It's a declaration by the assistant United States attorney Which he clearly says he went to the clerk's office to review the questionnaires And was informed they were destroyed Okay so apart from that does the judge need those questionnaires To make a finding about the prosecutor's motives on the strike The judge asked the prosecutor the step two questions The prosecutor answered So I mean if the judge feels like he can make a decision Is he allowed to do that without all the jury questionnaires I don't know I guess he can do it But I don't think it complies with Batson in the case law that follows To do what they describe as that In deciding if the defendant has carried his burden of persuasion The court must undertake a sensitive inquiry Into such circumstantial and direct evidence of intent as may be available I don't think the judge got there And I think that's the point Why can't I look at what he and the prosecutor said on excerpt of record 42 In which there is a specific discussion About the fact that nobody picked up on the fact that she was a minority And as I understand it what you say is missing from this colloquy Is after Mr. Anderson says I didn't pick up on the minority aspect of it at all Why can't the court simply enter a finding now If we do remand it That I find as a matter of fact That the prosecutor's answer was credible It didn't appear to the court that she was a minority The prosecutor didn't think she was a minority Therefore ethnic status had nothing to do With the preemptory challenge Well then I guess we're saying that the judge If we say let's assume we do it this way The judge didn't comply with step three It goes back I think the juror questionnaires Would be evidence that should be there To conduct the proper analysis of the issue But there were only It's not fair There are only three minorities correct In total out of the pool There are and the prosecutor got rid of two of them And one served on the jury I believe so Okay we've got you five minutes over your time We've been grilling you and you've done a good job No problem I appreciate it We should probably let Mr. Shogun be heard May it please the court Counsel Gregory Shogun again for the Appellate of the United States I can't get past the fact that The prosecutor could not have struck number 12 For discriminatory motive or reason If he did not know that person was of a minority So let's back up for a moment Because I think I understand that argument But isn't it it's correct the judge did Ask the step two questions I think so after lunch Right after lunch Isn't it correct that after asking those questions The judge did not make the step three finding Which our precedent requires That's correct Your Honor So the judge made a mistake then So then what can we do about it Is there any reason that we can't Demand for the judge to make these findings On whatever recollection he's got Or do we have to say Because the jury questionnaires are destroyed Therefore just needs a new trial Well backing up a little bit Your Honor I don't think the Alanis case was properly briefed Actually and Your Honor's opinion in Alanis Seems to indicate that this court Can review the cold record as stated by Your Honor To review the circumstantial evidence To determine whether or not there was a racial animus Motivating the prosecutor to strike juror number 12 So I think that would be an intermediate step To making a decision as to whether or not to Demand for further hearings or for a new trial So which case is that you're referring to Alanis, your case Your Honor Okay Was any record contemporaneously made At the time of the hearing after lunch With respect to the jury forms That had been completed and filed and are now destroyed Did anybody ask that they be considered by the court Or did the court Do we know whether the court even considered It's my understanding from the record Your Honor That the court considered them after lunch But in answer to the question Whether or not the district court made the proper finding If we go to step three If there was a prima facie case made And whether the court under Alanis made the proper finding The sensitive analysis as Alanis says I think this district court did less than The district court did in Alanis In making a determination as to whether or not There was a racial motive for striking juror number 12 So I think that gets us back to reviewing the cold record By this court to determine whether or not Under all the circumstances There was a discriminatory intent And I think the Do you think we should review the record And make a finding that the trial court didn't make Well Your Honor That's my reading of Alanis I wish I could remember everything I wrote But I'm not going to take credit for that position right now I don't remember what I said there exactly Like the trial court changed his mind In Alanis the district court judge said that I'm finding that that was a plausible explanation For the prosecutors striking those four jurors Based on gender The argument was by defense counsel That the motions to strike were made strictly based on gender The district court said I'm finding that the explanations given by the prosecutor were plausible And I'm denying the Batson motion Now in my eyes I have to concede that this district court did less than that So I just think that the court of appeals under Alanis Has to review the cold record as it were Or we have to say the district court made a mistake And send it back to the district court I still don't understand why we couldn't ask the district court To try to make findings if he can But if the record's insufficient for him to make findings Then he should require a new trial Whatever the district court said I guess we'd be able to see it again And Mr. Johnson could appeal that as well If he just sort of said there's no discrimination But doesn't have a proper basis for it But what I'm wondering is whether it's possible He could make a legitimate conclusion There was or wasn't discrimination Based on his questioning of the prosecutor Well again I think we have to look at the point at which the strike was made And at that time from the only record And defense counsel at trial Didn't flesh it out anymore Didn't make any more arguing or produce any more evidence The only evidence then was Is that both the judge and the prosecutor were unaware That that person was even capable As I said earlier If someone being unaware to me doesn't mean a thing If I look out at the courtroom behind you How many of the people in this room are Cognizable minorities You don't know There's no way a judge could know that But the lawyer did argue that The lawyer said she's a person of color Right And that's So maybe So if the prosecutor says I didn't know she was a person of color And the judge wants to agree with that I think the judge could have made a finding That there's no discrimination But the judge didn't I don't know were you Were you the trial counsel No I was not So maybe the trial counsel should be Told next time in that Situation With any judge to say Please make a step three finding So we don't have to go through this kind of problem You're exactly right But I think part of the problem is That Batson is evolving Pretty regularly The requirements of Batson are evolving And I think Number one The district court did what it understood Was the requirements Of Performed what were the requirements of Batson And did not Realize apparently that he had to go to step three But Again I just don't I just don't see how we get to the Discriminatory purpose On the facts of this case Why couldn't the district court If we do If we do remand it Why couldn't the district court Make clear What I think The record shows That You never got to step one There was simply no reason For The prosecutor to know I think Judge Nielsen Out of an abundance of caution Did what he thought was Necessary By Entertaining The motion even though it wasn't Wasn't valid Okay, Mr. Chauvin You still have some time left But If you've Completed your argument You don't have to use it up The only other question That I have in my mind Is It appears that The defendant has abandoned the argument as to Juror number ten And that's what the government's position Is on the brief If I would just say that If that's the case I have no more to say Okay They're not arguing that Juror number ten Striking was Discriminatory But still I thought they were arguing that Juror number ten Having been stricken was legitimately Part of what the court could Consider in assessing whether There was a prima facie case And the And the problem with that though is if It's accepted that number ten Was actually That that's still on appeal That it has not been abandoned Then At that point the court was Required My reading of validness To go to step three And make that Sensitive Analysis Of whether or not The Defendant Carried his burden Showing that there was racial animus Or were Conversely whether or not the Prosecutor offered a neutral explanation That that was a juror who claimed That never He'd never heard of methamphetamine Right And that's also the one in which The district court said that he felt The juror was lying  Okay thank you Thank you Mr. Johnson I think you were Might have been over your time We'll give you one minute for rebuttal You know that The interesting thing about Discrimination You know it's It's the kind of thing You know maybe as As white people we're not quite as Sensitive to it I hope we are But I think when you look at At the decision the judge is making A lot of it's kind of based on On looking at the prosecutor Assessing their credibility And And making the decision at that time How do we recreate that Situation By sending it back to the judge Counselor I hear your argument I would like to think as judges That we're sensitive to these issues But I also think that There is a danger in In raising an issue like this That By simply invoking Batson that that somehow Carries with it a A I'm not sure what the word is But Carries with it some special meaning When in this case the courts Basically saying What? What do you mean Batson? This juror doesn't even look Like she may be a minority And Counsel had apparently no reason to know Because they didn't have The questionnaire that showed She was a minority Well but the defense counsel Recognized it And brought the issue up Which came to their attention He suggested that she might be Hispanic or Native American So apparently She didn't I'm not sure Exactly what she was At this point But I think he said Hawaiian or Pacific Island And she'd spent some time in Hawaii In the end It's a procedural question Not unlike some of the rulings But again Is it a talisman? I guess that's the word I was looking for Well I think it's In this case The judge Didn't do what he's supposed to do And I think the record's been Altered to the point where I suggest a new trial Is the Is the Fair remedy here What do you mean The record's been altered? By By destruction By the clerk's office Of the Of the juror questionnaires It's not just The jurors 10 and 12 It's all the juror questionnaires The court report Or part of the transcript Is correct, right? I believe it is It is And why Isn't it your responsibility As appellate counsel To gather What you need For your excerpts of record? Well And I did I made a motion to the court The court Denied my motion And only allowed me to have The Top and the bottom Of the forms And where Was this Was this case tried in Yakima? I believe it was Okay So years ago I tried a case there So I'm wondering if If you had an evidentiary hearing Could the judge not Remember who the jurors were? Maybe Maybe some of them Maybe you could go Talk to some of them And find out who others were I mean You'd have to do a test Of Judge Nielsen I guess But I Well You know When I tried One jury trial in Yakima I had the feeling That some of those jurors Knew each other Not all But Some And that If you came back months later And asked one of them Who was on the jury They Probably could have Reconstructed that jury But I don't know What that means here But we'll think about it Thank you Yep Thank you We both Yep Okay So U.S. v. Guerrero Shall be submitted And We will take a Fifteen minute break now Before arguing the last two Cases
judges: Beezer, Gould, Tallman